1    Daniel B. Olmos (CA SBN 235319)
    NOLAN BARTON & OLMOS LLP
2    600 University Avenue
    Palo Alto, CA  94301
3    Tel. (650) 326-2980
    Fax (650) 326-9704
4

5    Counsel for Defendant
    Jizhong Chen

6

7                    **UNITED STATES DISTRICT COURT**

8               **NORTHERN DISTRICT OF CALIFORNIA**

9                       **SAN JOSE DIVISION**

10

11    UNITED STATES,                          Case No. 5:19-cr-0056 EJD

12                 Plaintiff,

13        vs.                              **DEFENDANT JIZHONG CHEN'S OPPOSITION TO GOVERNMENT'S**

14    JIZHONG CHEN,                   **MOTION FOR REVOCATION OF ORDER REMOVING LOCATION MONITORING**

15                Defendant.

16

17

18        Defendant Jizhong Chen, through undersigned counsel, hereby opposes the Government's

19    motion for revocation of the Magistrate Judge's October 15, 2019, order removing location

20    monitoring as a condition of his pretrial release.

21      I.   Factual and Procedural Background

22        Mr. Chen, a United States citizen, is charged by Indictment dated January 31, 2019, with a

23    single count of violating 18 U.S.C. 1832(a)(2) (theft of trade secrets).  The gravamen of the

24    allegation is that, on December 19, 2018, Mr. Chen photographed an alleged trade secret owned by

25    Apple, his employer, with the intent to convert it.  There is no evidence or allegation that Mr. Chen

26    ever transferred any Apple intellectual property to any third party.  He was arrested on January 23,

27    2019, on his way to San Francisco International Airport to board a flight to China to visit his

28

                                                                   1

terminally ill father.[1]  He had notified Apple of his intent to travel to China for this purpose, and

even delayed the trip at Apple's request.  It was to have been Mr. Chen's approximate sixth trip to

China since he left that country to move to the United States in 1991.

Mr. Chen was originally ordered released by Magistrate Judge Virginia DeMarchi on January

25, 2019, on a series of conditions including *inter alia* a $500,000 secured bond ($100,000 in cash,

and $400,000 secured by a residence owned by Mr. Chen and his wife in Maryland), the surrender of

all Mr. Chen's passports and visas, and GPS monitoring.  Mr. Chen's wife, who lives in the family

home in Maryland, is also a signed surety for the bond.  Judge DeMarchi informed the parties that

she intended to order the removal of the GPS monitoring once the full amount of the bond had been

secured – the bond amount would comprise a significant portion of the Chen family's assets.  The

government objected to the pending removal of the monitoring device, arguing in part in support of

keeping that release condition that it had found a single classified document from a former employer

of Mr. Chen when it executed a search warrant at the Chen's residence in Maryland.

On March 20, 2019, Judge DeMarchi issued an amended release order which required Mr.

Chen to remain on RF monitoring even though he had fully secured the $500,000 bond, and asked

Pretrial Services to submit a status report within 45 days of the order advising the Court of Mr.

Chen's compliance.  The Court justified the RF monitoring requirement, subject to the 45-day status

report, in part to permit the Government to continue its investigation into the uncharged conduct of

which it complained at the bail hearing.

On October 2, 2019, Pretrial Services requested that the RF monitoring requirement be

removed.  At the October 15, 2019, hearing, Pretrial Services and the defense argued that the

monitoring requirement was unnecessary in light of all relevant circumstances, including the fact

that Mr. Chen had been fully compliant with his release conditions for almost nine months and had

---

[1] As the Government acknowledges in its moving papers, Mr. Chen purchased a roundtrip ticket, and

found permanent employment.  Judge DeMarchi ordered the RF monitoring requirement removed, but stayed her order to allow the Government to seek review in this Court.

II.  Discussion

Location monitoring, whether RF or GPS, is unnecessary to secure Mr. Chen's appearance in this Court and is therefore an illegal condition of pretrial release under the Bail Reform Act. Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court must impost the least restrictive conditions or combination of conditions that will reasonably assure the appearance of Mr. Chen in these proceedings.

Mr. Chen is a United States citizen whose primary asset, his family's Maryland home, secures his release.  He has no criminal history whatsoever.  The Government's primary argument that Mr. Chen poses a flight risk – that he was born in China and intended to fly there to visit his terminally ill father – should be viewed by this Court with the same skepticism demonstrated by the Magistrate Judge during oral arguments and in her March 20, 2019, order modifying Mr. Chen's conditions of release.  *See* Docket No. 23.  The Government cites several cases from the Northern District of California in which defendants in white collar cases apparently fled the United States before trial.  However, as the Government is well aware, the Bail Reform Act requires that defendants be assessed on an individualized basis by this Court in all detention hearings.  *See, e.g., United States v. Scott*, 450 F.3d 863, 874 (9th Cir. 2006) (citing *United States v. Salerno*, 481 U.S. 739, 750 (1987).  Put simply, there simply is no credible evidence whatsoever that Mr. Chen himself poses a flight risk.

Further, the Magistrate Judge's March 20 order extended location monitoring for Mr. Chen – which the Court initially was disinclined to continue following the security of the entire $500,000 bond – explicitly in order to provide the Government with the opportunity to investigate its claim

informed Apple of both his departure and return dates.

that Mr. Chen had improperly retained information from a prior employer.  Now, eight months later,

there is no further evidence to support the Government's contention of additional alleged criminality.

Mr. Chen is not a flight risk, and the remaining conditions of his pretrial release are more than

adequate to ensure his continued participating in these criminal proceedings.

III. Conclusion

For the foregoing reasons, Mr. Chen opposes the Government's motion to revoke the

Magistrate Judge's order to remove the location monitoring requirement of his pretrial release

conditions.

Dated: November 11, 2019                          NOLAN BARTON & OLMOS LLP

                                                              /S/ Daniel B. Olmos
                                                           Daniel B. Olmos

                                                           Attorney for Defendant Jizhong Chen

4