1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   UNITED STATES OF AMERICA

8                    Plaintiff(s)          Case No.  CR 19-00056 EJD

9            v.                            ORDER RE MOTION TO REVOKE
                                           ORDER REMOVING LOCATION
10  JIZHONG CHEN,                          MONITORING

11                                         Dkt. No. 40
                     Defendant
12

13          On January 23, 2019, the Defendant made an initial appearance before Magistrate Judge

14  Virginia DeMarchi on a complaint charging him with a violation of 18 U.S.C. § 1832(a)(2), Theft

15  of Trade Secrets.  Dkt. No. 4.  A detention hearing was held on January 24, 2019.  Dkt. No. 5.  On

16  January 25, 2019, the Defendant was ordered released from custody on a $500,000 bond secured

17  by $400,000 in real property and $100,000 in cash.  Dkt. Nos. 6, 7.  Other conditions of release

18  included pretrial supervision, a travel restriction to the Northern District of California, surrender of

19  Defendant's passport and GPS monitoring to ensure compliance with location restrictions and a

20  curfew.  On February 7, 2019, Defendant was arraigned and entered a plea of not guilty.  Dkt. No.

21  16.

22          On October 2, 2019, Pretrial Services submitted a request to remove the GPS location

23  monitoring condition and Magistrate Judge DeMarchi set a bail review hearing for October 15,

24  2019.  Dkt. No. 34.  On October 15, after hearing from all parties, Magistrate Judge DeMarchi

25  issued a ruling granting Pretrial Services' request and ordered the removal of Defendant's GPS

26  location monitoring condition over the Governments objection.  Dkt. No. 35.  Judge DeMarchi

27  granted a 24-hour stay to allow the Government to seek district court review of the Order. This

28  court granted a stay of Judge DeMarchi's Order, set a briefing schedule for the parties and set a

United States District Court
Northern District of California

1   hearing date of December 9, 2019.  Dkt. No. 39. Subsequently, on October 29, 2019, the

2   Government filed a Motion for Revocation of Order Removing Location Monitoring as a

3   Condition of Release.  Dkt. No. 40.  Defendant filed his Opposition on November 11, 2019. Dkt.

4   No. 41.  The Court then held a hearing on the Government's Motion for Revocation on December

5   9, 2019.  Dkt. No. 43.

6          The Government requests revocation of Judge DeMarchi's pretrial release order (Dkt. No.

7   7), arguing that Defendant is a serious flight risk.  The Government has no objection to the

8   removal of the curfew condition.  For the reasons stated below and on the record at the hearing on

9   December 9, 2019, the Court finds (1) the Government has not shown by a preponderance of the

10  evidence that the Defendant is a serious flight risk and (2) Magistrate Judge DeMarchi's order

11  removing the GPS monitoring condition for pretrial release was therefore proper.  Accordingly,

12  the Government's Motion is DENIED.

13  **I. BACKGROUND**

14          Defendant was indicted in January 2019, with a single count of Theft of Trade Secrets 18

15  U.S.C. § 1832(a)(2).  The general allegations are that he was previously employed as an engineer

16  with Apple beginning in June of 2018.  He was an engineer on one of Apple's propriety projects.

17  By December 2018, he was on a performance improvement plan (PIP) and had been placed under

18  increased supervision because of poor performance.  He was observed taking photographs in a

19  secured workspace in violation of company policy and Apple began an internal investigation. Dkt.

20  No. 40.

21          Apple's investigation revealed that the Defendant had over two thousand files containing

22  Apple proprietary and confidential material including photographs of secure databases.  *Id*.  On

23  January 11, 2019, Apple discovered that Defendant had applied to a competitor of Apple based in

24  China.  Apple suspended Defendant and revoked his access to Apple properties and network.

25  Seven days after he was suspended, Defendant booked a roundtrip flight from SFO to Shanghai,

26  China.  Defendant notified Apple of his intent to travel to China and Apple asked him to delay his

27  travel, which he agreed to do.  The complaint in this case was signed by Judge DeMarchi on

28  January 22, 2019.  Dkt. No. 1.  Defendant was arrested on January 23, 2019, as he was preparing

United States District Court
Northern District of California

2

1    to leave San Jose for SFO airport.  *Id.*  During an FBI interview Defendant admitted that he

2    deleted substantial amounts of photographs forwarded from his work email account to his personal

3    email account in an "emotional moment" after being confronted by Apple regarding his behavior.

4    *Id.*

5    **II. LEGAL STANDARD**

6          This Court reviews *de novo* a magistrate judge's order regarding pretrial detention.  *United*

7    *States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990) ("There are ample reasons, then, for

8    concluding that the district court's review of a magistrate's detention order is to be conducted

9    without deference to the magistrate's factual findings.")

10         Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq.*, persons facing trial

11   are to be released under the least restrictive condition or combination of conditions that will

12   "reasonably assure" the appearance of the person as required and the safety of the community.

13   *See* 18 U.S.C. § 3142(c)(2); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United*

14   *States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).  "Only in rare circumstances should

15   release pending trial be denied, and doubts regarding the propriety of release should be resolved in

16   the defendant's favor."  *Gebro*, 948 F.2d at 1121 (citing *Motamedi*, 767 F.2d at 1405).  On a

17   motion for pretrial detention, the Government bears the burden of showing by a preponderance of

18   the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the

19   defendant poses a danger to the community.  *Gebro*, 948 F.2d at 1121; *Motamedi*, 767 F.2d at

20   1406–07.

21         Section 3142(g) of the Bail Reform Act contains the following factors to evaluate whether

22   there are any conditions of release that will "reasonably assure" a defendant's future appearances

23   and the safety of the community. 18 U.S.C. § 3142(g). These factors include: (1) the nature and

24   circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the

25   history and characteristics of the person including: (A) the defendant's character, physical and

26   mental condition, family ties, employment, financial resources, length of residence in the

27   community, community ties, past conduct, history relating to drug or alcohol abuse, criminal

28   history, and record concerning appearance at court proceedings; and (B) whether, at the time of

United States District Court
Northern District of California

3

1   the current offense or arrest, the person was on probation, on parole, or on other release pending

2   trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local

3   law; and (4) the nature and seriousness of the danger to any person or the community that would

4   be posed by the defendant's release.  *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986);

5   *Motamedi*, 767 F.2d at 1407.  "Of these factors, the weight of the evidence is the least important,

6   and the statute neither requires nor permits a pretrial determination of guilt."  *Gebro*, 948 F.2d at

7   1121 (citing *Winsor*, 785 F.2d at 757); *see also* Motamedi, 767 F.2d at 1408. Evidence of guilt is

8   relevant only in terms of the likelihood that the defendant will fail to appear or will pose a danger

9   to the community. *Winsor*, 785 F.2d at 757.  After a court determines whether a defendant should

10  be detained or released pretrial, the Bail Reform Act provides that the decision may be reopened at

11  any time before trial: if the judicial officer finds that information exists that was not known to the

12  movant at the time of the hearing and that has a material bearing on the issue whether there are

13  conditions of release that will reasonably assure the appearance of such person as required and the

14  safety of any other person and the community.  18 U.S.C. § 3142(f).

15  **III. DISCUSSION**

16       In its Motion and at the hearing on December 2, 2019 ("the Hearing"), the Government

17  argued that Judge DeMarchi's order for pretrial release of Defendant should be revoked solely on

18  "flight risk" grounds and did not argue that Defendant poses a danger to the community. The

19  Government also indicated it did not object to the removal of the curfew condition of release.

20       The Court therefore does not consider the danger to the community issue.

21       **A. Flight Risk**

22       To detain a defendant pretrial on flight risk grounds, the Government bears the burden of

23  showing by a preponderance of the evidence that the defendant poses a flight risk.  *Gebro*, 948

24  F.2d at 1121.  Here, the Government argues that Defendant is a serious flight risk and asks that the

25  court maintain the previously ordered GPS monitoring as a condition of his release.  The

26  Government argues that the though Defendant is a naturalized U.S. citizen he was born, raised and

27  educated in China and still has strong ties to China, including members of his family who reside

28  there. The Government argues that he purchased a solo plane ticket to China shortly after his

4

1    suspension from Apple and reminds the Court that China does not allow the extradition of its own

2    nationals.  If the Defendant flees to China, the Government will have no recourse to recover him.

3    The Government argues that Defendant's behavior demonstrates consciousness of guilt, fear of

4    prosecution and the impulse to flee to avoid adverse criminal case outcomes. The Court recognizes

5    the concerns expressed by the Government.

6            The current regiment of conditions for release have been successful on allowing the

7    Defendant to live and work with minor inconvenience.  The conditions have not prevented him

8    from securing employment, and he has made court appearances as required. There is always a risk

9    that a defendant having been released with pretrial conditions will make a poor decision and

10   choose to flee or otherwise absent themselves from the court process.  In considering pretrial

11   release and conditions, courts must consider not only all of the factors mentioned above but should

12   also look to Defendant's conduct as additional information to consider.  Here, the Government

13   argues that because the Defendant lied to investigators regarding materials he took from Apple and

14   his destruction of incriminating evidence in his email account suggests that Defendant is a serious

15   flight risk.  Those facts are more pertinent to the issue of guilt and less to consideration of Pretrial

16   Services' request to modify conditions of release.  What is important to consider is the fact that the

17   Defendant notified Apple of his travel plans and then at Apple's request, agreed to defer his

18   departure.  This permitted law enforcement to secure the Complaint in this case. The Defendant, a

19   naturalized U.S. citizen has family and real property in the United States.  He has continued with

20   employment and has not been before the Court for any violation of the conditions of his release.

21           Considering all the above-mentioned factors and the totality of the circumstances in this

22   case the Court finds that the Government has not shown by a preponderance of the evidence that

23   the Defendant does present a serious flight risk.

24           The court therefore, DENIES the Government's motion and respectfully reinstates Judge

25   DeMarchi's Order terminating GPS Location Monitoring.

26   **IV. CONCLUSION**

27           For the foregoing reasons and as discussed on the record at the hearing on December 9, 2019,

28   the  Government's Request for Review and Motion for Revocation of Order Removing Location

United States District Court
Northern District of California

5

Monitoring as a Condition of Release is DENIED.

   **IT IS SO ORDERED**.


Dated:  December 20, 2019

_____
EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California

6